OPINION
{¶ 1} Plaintiff-appellant Stanley Muirhead appeals from an order of the Champaign County Court of Common Pleas, Juvenile Division, denying his motion for an order of shared parenting with regard to his minor child. Muirhead contends that the trial court applied an incorrect standard in denying his motion. He also contends that the order is against the manifest weight of the evidence.
 {¶ 2} We conclude that the trial court did not apply an incorrect standard and did not abuse its discretion in overruling Muirhead's motion. We further find that the order of the trial court is not against the manifest weight of the evidence. Furthermore, we find that Muirhead has failed to preserve this issue for appeal. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Muirhead and defendant-appellee Leslie Ann Watkins are the parents of a minor child born in 1993. It was not determined until 1998 that Muirhead was the father of the child. At that time a child support order was entered. Although not specifically stated in the record before us, it appears that Watkins was designated by court order as the residential custodian of the child.
 {¶ 4} In October of 2001, Muirhead filed a motion in the trial court seeking a reallocation of parental rights, with Muirhead being designated as the sole residential parent and legal custodian of the child, based upon a change of circumstances in Watkins' home. In the alternative, the motion sought shared parenting. In his affidavit in support of the motion, Muirhead averred that Watkins: (1) makes derogatory statements regarding him to the child; (2) neglects the mental and physical well-being of the child; (3) takes the child into bars and "consumes alcohol in the presence of the child until all hours of the night"; and (4) entrusts the child to individuals not capable of caring for her. The affidavit also alleged that Watkins' husband "consumes large amounts of alcohol will then pee the bed" [sic].
 {¶ 5} A Guardian Ad Litem was appointed to represent the child. The GAL submitted a report recommending that the trial court implement "a shared parenting plan, with [Watkins] retaining her status as primary residential parent." The report also recommended that Muirhead should be afforded more visitation with the child. The GAL further commended both parties for their parenting of the child. The GAL found no fault with Watkins, her home, or her parenting. It was further noted that the child is doing well.
 {¶ 6} A hearing was held before the magistrate on May 15, 2002. Following the hearing, the magistrate filed a decision indicating that the factors set forth in R.C. 3109.04(F) were considered in determining whether granting the motion was in the best interest of the child. The magistrate, in overruling the motion, stated:
 {¶ 7} "* * * Muirhead has not demonstrated a sufficient change of circumstances, nor that it is in the best interest of [the child] to change residential parents, nor that the benefits to a change of environment is outweighed by the detriments of the change to [the child]."
 {¶ 8} Muirhead filed an objection to the magistrate's decision. The objection does not contest the overruling of the motion regarding an award of parental rights. Instead, the objection focuses on the magistrate's failure to award Muirhead additional visitation, in accordance with the recommendation of the GAL's report. Despite the fact that the issue of additional visitation was not raised in Muirhead's motion, the trial court returned the issue to the magistrate to consider the issue of additional visitation.
 {¶ 9} A second hearing was conducted before the magistrate in August 2002. Following the hearing, the magistrate issued a decision in which it was noted that Watkins "has consistently allowed [Muirhead] additional parenting time." The order then ordered the parties to follow the standard order of visitation, with additional visitation to be permitted upon the agreement of the parties.
 {¶ 10} Muirhead again filed an objection to the decision with regard to the magistrate's failure to set forth an order providing him with additional visitation. Upon review, the trial court noted that the implementation of the standard order of visitation provided Muirhead with more visitation than he had been accorded in a previously-filed agreed entry. The trial court also noted that Muirhead did "not particularize the additional visitation" requested, and overruled the objection. The trial court went on to state that upon a review of the record, it found that no change of circumstances existed to justify granting Muirhead's motion for shared parenting or a reallocation of parental rights. From this judgment, Muirhead appeals.
 {¶ 11} This appeal was filed in October, 2002, and was submitted to this court, without argument, on June 12, 2003. At the suggestion of this court, the parties attempted mediation. For some time, it was thought that the issues between the parties could be successfully mediated, but efforts to bring the mediation to a successful close have been unavailing. This appeal is now ripe for decision on the merits.
 II {¶ 12} Muirhead's sole assignment of error is as follows:
 {¶ 13} "The Trial Court Abused its Discretion by denying Appellant's motion for plan for shared parenting said denial was against the manifest weight of the evidence and the best interest of the child."
 {¶ 14} Muirhead contends that the trial court abused its discretion by denying his motion for shared parenting, and that the judgment of the trial court is against the manifest weight of the evidence. In support, he argues that the trial court applied an incorrect standard in reaching its decision. While this argument is not entirely clear, it appears to be predicated upon the claim that the trial court inappropriately stated that it could not render an order for shared parenting in the absence of changed circumstances. Muirhead further argues that the evidence does not support the trial court's decision, because the record indicates that a change of custody would be in the child's best interest.
 {¶ 15} We begin by noting that Muirhead has failed to preserve for appeal the issue of whether the trial court erred in its decision denying shared parenting. Juv.R. 40(E)(3)(d) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this section." Furthermore, all objections must be specific and "state with particularity the grounds of the objection." Juv.R. 40(E)(3)(c). In this case, Muirhead never filed an objection to the magistrate's decision with regard to the denial of the shared parenting plan. Instead, he only filed an objection to the issue of visitation.
 {¶ 16} Even had this issue been properly preserved, we would conclude that Muirhead's argument is without merit. First, there is no indication in the record that would support a finding that the trial court applied an inappropriate standard in reaching its decision. Instead, we note that the trial court correctly noted that in the absence of a change of circumstances no change of custody may be had. See R.C.3109.04(E)(1)(a) which mandates that a court "shall not modify a prior decree allocating parental rights and responsibilities for the care of children, unless it finds * * * that a change has occurred in the circumstances of the child, or the child's residential parent * * *."
 {¶ 17} Moreover, from our review of this record, we find that the trial court did not abuse its discretion in finding that no change in circumstances had occurred. We further find that the record supports a finding that keeping Watkins as the primary residential custodian is in the best interest of the child. Simply put, the record is devoid of any evidence, other than Muirhead's unsubstantiated allegations, to indicate that his motion for shared parenting has merit. Therefore, we conclude that the trial court did not abuse its discretion in denying Muirhead's motion. We further conclude that the trial court's decision is amply supported by the evidence in the record.
 {¶ 18} Accordingly, Muirhead's sole Assignment of Error is overruled.
 III {¶ 19} Muirhead's Assignment of Error having been overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.